NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT VALENTE, | No. 20-16604 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-01172-MMC |
| v. | |
| BANK OF AMERICA, NA; KELLER WILLIAMS REALTY, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Robert Valente appeals pro se from the district court's judgment dismissing

his diversity action alleging state law claims related to the purchase of a property

and subsequent foreclosure proceedings.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal on the basis of the statute of limitations.

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999). We affirm.

The district court properly dismissed Valente's action as time-barred because Valente failed to file his action within the statutes of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for claim for injury to an individual caused by the wrongful act or neglect of another); *id.* § 337(a), (c) (four-year statute of limitations for claim based on any contract, obligation or liability founded upon an instrument in writing, or based on the rescission of a contract in writing); *id.* § 338(d) (three-year statute of limitations for fraud claim); *id.* § 339(1) (two-year statute of limitations for professional negligence claim); *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 879-80 (Cal. 2013) (setting forth continuing-wrong accrual principles); *see also Deutsch v. Turner Corp.*, 324 F.3d 692, 716-17 (9th Cir. 2003) (under California's governmental-interest approach to choice-of-law rules, a California district court generally applies California's statute of limitations).

The district court did not abuse its discretion by denying Valente leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

The district court did not abuse its discretion by denying Valente's motion to

alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because Valente failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Valente's motion for leave to file an untimely reply brief is granted. The Clerk will file the reply brief received on March 22, 2021 (Docket Entry No. 20).

**AFFIRMED.**